IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 5431-33 S. Wabash LLC, | ) | No.  18-12463 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

### NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

You are hereby notified that on August 30, 2018, at 9:30 a.m., or as soon after as I may be heard, I will appear before the Honorable Janet S. Baer or any other Judge who may be presiding in his place and stead at the Dirksen Federal Building**,** 219 S. Dearborn**,** Room 615, Chicago, Illinois and I will then and there present the attached:  MOTION OF NEWLINE HOLDINGS, LLC FOR AN ORDER DISMISSING THE BANKRUPTCY CASE, OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY

BY:/s/Paul M. Bach
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 5431-33 S. Wabash LLC, | ) | No. 18-12463 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

**MOTION OF NEWLINE HOLDINGS, LLC FOR AN
ORDER DISMISSING THE BANKRUPTCY CASE, OR, IN THE
ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY**

Creditor Newline Holdings, LLC ("Newline"), by and through its counsel, hereby moves the Court for entry of an order (1) dismissing the above-captioned bankruptcy case filed by 5431-33 S. Wabash LLC (the "Debtor"), or, in the alternative, (2) granting Newline Holdings, LLC relief from the automatic stay pursuant to 11 USC 362(d)(1) to obtain a Tax Deed and eventually possession. In support of its Motion, Newline Holdings, LLC[1] states as follows:

**INTRODUCTION**

1. This case presents a classic situation of a debtor seeking the protections of Chapter 11 simply to delay a creditor without attempting to reorganize as required by Chapter 11 of the Bankruptcy Code. The Debtor is a single-purpose entity with no employees, few creditors and no income. Other than avoiding issuance of a Tax Deed and Possession to Newline and not paying current real estate taxes and other bills and obligations, the Debtor has no purpose for pursuing this case.

2. The Debtor has no ability or prospect to reorganize. Accordingly, Newline Holdings, LLC should not be subjected to additional delay in seeking to obtain a Tax Deed

---

[1] Much of the initial material and research is taken from Docket 9 in River East Plaza, LLC (11 B 05141)

when reorganization is unrealistic and impossible. Accordingly, Newline Holdings, LLC seeks dismissal of the Debtor's bad faith bankruptcy case pursuant to Bankruptcy Code section lll2(b). In the alternative, Newline Holdings, LLC requests that this Court lift the automatic stay pursuant to Bankruptcy Code section 362(d)(1) to permit Newline Holdings, LLC to finalize its nearly complete Tax Deed Petition.

3. Also, currently pending before this Court is Newline's Motion for Relief from the Automatic Stay pursuant to 11 USC 362(d)(3) (Bankruptcy Docket 30) ("the 362(d)(3) Motion"). The Debtor's defense to the 362(d)(3) Motion alleges that a Motion for Relief pursuant 362(d)(3) may only be made by a secured mortgage creditor and not a secured tax lien holder such as Newline. As more completely, discussed in the Reply to the 11 USC 362(d)(3) Motion, the plain meaning of 11 USC 362(d)(3) only refers to a secured creditor and does not require the movant to be a mortgage holder. Additionally, the Debtor attempts to now argue (based on an Amended Petition filed on the 90th day after the Bankruptcy Petition was filed) that the Debtor is not a Single Asset Real Estate Entity ("SARE") as defined by 11 USC 101(51) and as a result 11 USC 362(d)(3) does not apply. If the Debtor is not a SARE what is the Debtor? The Debtor, as discussed in the 362(d)(3) Motion and this Motion below, owns the real estate commonly known as 5431-33 S. Wabash Avenue, Chicago, Illinois regarding PIN 20-10-309-032-0000 and has no income or expenses (See the two Operating Reports filed). Therefore the Debtor has no ability to reorganize.

4. The Debtor in the 11 USC 362(d)(3) Motion seeks to have Newline determined to not be a creditor and thus not have standing to pursue that Motion. On the other hand, the Debtor seeks to have Newline restrained by the Automatic Stay and to be forced to accept payment of the amount owed by the Debtor to Newline either through a confirmed Chapter 11 Plan or an Order allowing the Sale of the Real Estate (11 USC 363) or

a Refinance (11 USC 365). The Debtor cannot have Newline be a creditor for some aspects of the case and not for others. However, that is exactly what the Debtor is attempting to do.

5. Either the 11 USC 362(d)(3) should be granted or this Motion should be granted by the Court. In no event, should this Chapter 11 case continue.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. *§* 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are: (a) Bankruptcy Code sections ll12(b) and 362(d); and (b) Federal Rules of Bankruptcy Procedure 1017, 4001 and 9013.

## FACTUAL BACKGROUND

<u>The Tax Sale</u>

8. The Debtor owns the real property located at 5431-33 S. Wabash Avenue, Chicago, Illinois regarding PIN 20-10-309-032-0000 (the "Property").

9. Prior to the Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to Cook County for the Property for the 2013, 2014 and 2015 tax years in the amount of $94,046.26 (the "2013-15 Taxes").

10. On July 18, 2017, Newline purchased the delinquent 2013-15 Taxes at the Cook County Collector's scavenger tax sale for three or more years delinquent pursuant to sections 21-145 and 21-260 of the Illinois Property Tax Code (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale. A copy of the Certificate is attached hereto as an Exhibit.

11. The amount of the Tax sale was $94,046.26, which includes statutory interest on the 2013-15 Taxes and selling fees.

12. Upon purchasing the 2013-15 Taxes, Newline obtained a tax lien secured by the Property. See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

13. Prior to this bankruptcy filing, the Debtor additionally failed to pay the first and second installments of property taxes for tax years 2016, as well as the first installment for tax year 2017 (collectively, the "Subsequent Taxes"). The Cook County Treasurer has filed a Proof of Claim for these tax years.

14. The Debtor or any other person with an interest in he Property was entitled to redeem the 2013-15 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Newline plus interest and various costs and fees at any time (the "Tax Claim") until April 27, 2018 (the "Redemption Period").

15. Pursuant to 35 ILCS 200/22-30, Newline filed a Petition for tax deed in the Circuit Court of Cook County which was identified as case number 2017 CoTD 3820 (the "State Court Action"). Thereafter, and pursuant to 35 ILCS 200/22-15, Newline timely provided notice of the expiration date of the Redemption Period to the Debtor and all persons with an interest in the Property. A copy of the Petition for Tax Deed is attached as an Exhibit.

16. Neither the Debtor nor any other party timely exercised its respective right to redeem the 2013-15 Taxes but instead filed this Bankruptcy Case.

**The Bankruptcy Case**

17. As stated above, on April 27, 2018, the Debtor filed the above-captioned chapter

11 case (the "Case").

18. The Debtor in its initial Bankruptcy Petition (Bankruptcy Docket 1) under question/section seven of the Bankruptcy Petition described its business as Single Asset Real Estate as defined by 11 USC 101(51B). 11 USC 51B defines Single Asset Real Estate as:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

19. The Debtor states in its Statement of Financial Affairs that the Debtor has had no income in 2016, 2017 and 2018. The Operating Reports for April 27, 2018 to May 31, 2018 (Docket 21), the May 2018 Operating Report (Docket 25) and the June 2018 Operating Report (Docket 37) show no income or expenses.

20. Pursuant to 11 USC 362(d)(3) on June 21, 2018, the movant previously by Motion (Docket 17) requested this court to determine that 11 USC 362(d)(3) applies to this case. During the consideration of this Motion the Court asked the Debtor's counsel if the Debtor disputed that the Debtor was a single asset real estate entity as defined by the Bankruptcy Code. Debtor's counsel did not dispute this fact. In granting the Motion of Movant regarding 11 USC 362(d)(3) the Court Order provided, "11 U.S.C. section 362(d)(3) applies to this case and the Debtor is subject to 11 U.S.C. section 362(d)(3)" (Docket 19).

21. Ninety days after the filing of the Bankruptcy Petition was July 26, 2018. Thirty days after the court determining 11 USC 362(d)(3) applied was July 21, 2018. No Chapter 11 Plan has been timely filed by the Debtor as is required by 11 USC 362(d)(3).

22. On July 26, 2018, at 10:59 p.m. (less than an hour from the deadline imposed by 11 USC 362(d)(3) to file a Chapter 11 Plan) the Debtor's Counsel filed an unverified

6

Amended Petition which now listed the Debtor under question seven from a Single Asset Real Estate entity to "other" (Docket 27). However, this Amended Petition did not vacate the Court's prior order of June 21, 2018 finding that 11 USC 362(d)(3) applies or the fact that the Debtor is clearly a single asset real estate entity as defined by the Bankruptcy Code. The Amended Petition did nothing to change these undeniable facts.

23. The Debtor each court date promises that it will soon have a loan or other financing to pay off Newline and other creditors but no Motion to Incur Debt or to Sell or some other relevant Motion regarding such an effort has been filed. This case has been pending for almost four months and with no possibility of rehabilitation this case should be dismissed or the automatic stay modified as to Newline based on the 11 USC 362(d)(3) Motion or the alternative relief requested in this Motion.

## ARGUMENT

### I. Dismissal Is Warranted For Cause Pursuant To Section 1112(b) Of The Bankruptcy Code

24. In general, dismissal of a bankruptcy case is warranted when it fails to promote the twin goals of chapter 11: "preserving going concerns and maximizing property available to creditors." *Bank of America Nat'l Trust & Savings Ass'n v. 203 N. LaSalle Street P'Ship*, 526 U.S. 434, 435 (1999).

25. Bankruptcy Code section 1112(b) incorporates this concept by authorizing the dismissal of a bankruptcy case for "cause." See 11 U.S.C. § 1112(b). Although "cause" is not defined in the Bankruptcy Code, section 1112(b) sets forth a non-exhaustive list of factors that can constitute cause for dismissal. "A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to dismiss a Chapter 11 case for cause." *In re Woodbrook Assocs.*, 19 F.3d 312, 316 (7th Cir. 1994).

26. Once it becomes apparent that the bankruptcy case will not save the debtor or maximize creditor recoveries, dismissal is appropriate. *See, Stage I Land Co. v. United States*, 71 B.R. 225, 231 (D. Minn. 1986) ("The stated purpose of Chapter 11 of the Bankruptcy Code is the rehabilitation of a viable business. Absent a reasonable possibility of an effective reorganization, a case should be dismissed at its outset for cause."). "The very purpose of 1112(b) is to cut short this plan and confirmation process where it is pointless." *Woodbrook Assocs.,* 19 F.3d at 317.

27. As set forth below, "cause" exists to dismiss the case based on the Debtor's bad faith filing, (b) continuing losses and no income and (c) inability to propose a confirmable chapter 11 plan.

**A. Debtor's Case is a Classic Bad Faith Filing Warranting Dismissal**

28. Courts in this Circuit have consistently found that "bad faith" constitutes "cause" for dismissal under section 1112(b). *See In re S. Beach Secs.,* 341 B.R. 853, 856 (N.D. Ill. 2006) ("Courts have generally recognized that Chapter 11 bankruptcy petitions are subject to dismissal for failure to file in good faith.") (citations omitted); *In re Original IFPC S'holders, Inc.,* 317 B.R. 738, 749 (Bankr. N.D. Ill. 2004) ("federal courts have created a good-faith filing requirement for debtors opposing dismissal or conversion under § 1112(b)") (citations omitted).

29. While there is no particular test for determining bad faith, "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights."' *In Re Phoenix Piccadilly. Ltd.,* 849 F.2d 1393, 1394 (11th Cir. 1988); *see also Original IFPC*

*S'holders*, 317 B.R. at 750 ("Courts generally consider the totality of circumstances surrounding a variety of objective and subjective indicators.") (citations omitted).

30. With respect to single asset real estate cases, this Court has considered the following factors in determining that a debtor filed for bankruptcy relief in bad faith:

- the debtor has only one asset;
- the debtor has an ongoing business to reorganize;
- the debtor lacks many unsecured creditors;
- the debtor lacks cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and
- the case is essentially a two-party dispute capable of prompt adjudication in state court.

*Original IFPC S'holders,* 317 B.R. at 751.

31. Other courts also have utilized a similar list of factors, including whether:
- the debtor employs few employees other than the principals;
- the debtor has significant cash flow;
- available sources of income to sustain a plan of reorganization or to make adequate protection payments pursuant to 11 U.S.C. §§ 361, 362(d){l), 363(e), or 364(d)(l);
- the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;
- the property is subject to a foreclosure action as a result of amounts owing on the debt;
- the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and
- the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

*State St. Houses, Inc. v. NY State Urban Dev. Com. (In re State St. Houses, Inc.),* 356 F.3d 1345, 1347 (11th Cir. 2004); *see In re Little Creek Development Co.,* 779 F.2d 1068, 1072-73 (5th Cir. 1986).

32. Here, it cannot be disputed that the Debtor's case has virtually all of these common attributes of an unjustified and improper filing, and, like the petitions in *State*

*Street Houses* and *Original IFPC S'holders*, it should be dismissed. Accordingly, dismissal for bad faith is appropriate in this case. *See In re South County Realty. Inc. II,* 69 B.R. 611, 615 (Bankr.M.D. Fla. 1987) (courts "view with a jaundiced eye Chapter 11 petitions by debtors with a single asset and with no meaningful body of creditors other than those who hold a mortgage on the single asset") (citations omitted).

### B. Cause Exists to Dismiss Because the Debtor is Cash Flow Negative and Cannot Show a Reasonable Likelihood of Rehabilitation

33. Cause for dismissal also exists where a debtor is "suffering substantial or continuing losses to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A); *see also In re AdBrite Com.,* 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) (holding that a negative cash flow and inability to pay current expenses satisfy the elements of § 1112(b)(l)) (citing *In re Route 202 Com. t/a Lionti's Villa,* 37 B.R. 367, 374 (Bankr. E.D. Pa. 1984) (same)); *In re White Plains Road, Inc.,* 28 B.R. 515, 519 (Bankr.S.D.N.Y. 1983) (explaining that full collateralization of a debtor's assets, coupled with a negative cash flow and an inability to pay current expenses, represents "cause." A debtor "should not continue in control of the business beyond a point at which reorganization no longer remains realistic." *In re AdBrite Corp.,* 290 B.R. at 215.

34. Here, the undisputed facts lead to the inescapable conclusion that the Debtor has neither the intent nor the ability to reorganize or rehabilitate. As noted above, the Debtor is cash flow zero or negative, and operating revenues are insufficient to fund administrative expenses that will accrue in the case such as United States Trustee Fees, current real estate taxes (which are unpaid), and other expenses. Accordingly, cause exists for dismissal.

### C. Cause Exists to Dismiss Because the Debtor Cannot Effectuate a Plan

35. Another basis for dismissal is a debtor's inability to effectuate substantial

consummation of a plan of reorganization or liquidation. 11 U.S.C. § 1112(b)(4)(M). Inability to effectuate a plan arises when the "debtor lacks the ability to formulate a plan or to carry one out." *In re AdBrite Corp.,* 290 B.R. at 216 (citing *In re Dark Horse Tavern*, 189 B.R. 576, 582 (N.D.N.Y. 1995)); *see also Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989) (same).

36. Here, the Debtor is unable to effectuate a plan of reorganization in this case for a number of reasons. *First,* the Debtor has no assets from which it can generate revenue other than the Property, and given current economic conditions, the Debtor cannot generate revenues sufficient to operate the Property. As noted above, the filed operating reports show no income. *Second,* in addition to its inability to pay operating expenses as they come due, the Debtor has been unable to pay the current real estate taxes and will remain unable to service any real estate tax obligations in the foreseeable future. As a result, the Debtor will be unable to confirm a plan, and this Court should dismiss the Debtor's case.

### D. Dismissal Is In The Best Interests Of The Creditors And The Debtor's Estate

37. Once a court determines that cause exists, the court is required to dismiss the case "absent unusual circumstances specifically identified by the court that establish that the requested ... dismissal is not in the best interests of creditors and the estate …." 11 U.S.C. § ll 12(b)(l). A variety of factors demonstrate that it is in the best interest of the creditors to dismiss the Debtor's chapter 11 proceedings.

38. First, dismissal is in the best interests of the creditors because the Debtor has essentially no creditors and this is essentially a two party dispute. This case will accomplish nothing besides delaying the creditors' ultimate recovery in obtaining a Tax Deed. Accordingly, dismissal is in the best interests of the creditors.

39. Second, the dismissal is in the best interests of the creditors because the economic value of the estate is greater outside of bankruptcy. *See In re Hampton Hotel Investors, L.P.,* 270 B.R. at 359 (considering "whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise"); *In re Clark,* 1995 WL 495951, at *5 (N.D. Ill. 1995) (same). Here, the Debtor is not using the chapter 11 process to reorganize or to enhance distributions to any creditors. Rather, the Debtor's bankruptcy proceeding is nothing more than a transparent attempt to frustrate and delay the Newline's legitimate right to exercise remedies under State Law.

40. Thus, as no unusual circumstances exist to establish that dismissal is not in the best interests of creditors and the estate, this case should be dismissed pursuant to section 1112(b) of the Bankruptcy Code.

## II.    Alternatively, Stay Relief Is Warranted Under Code Sections 362(d)(l) And -(2)

41. Alternatively, if this Court does not dismiss under Bankruptcy Code section 1112(b), several independent grounds exist to justify granting Newline Holdings, LLC's relief from the automatic stay to pursue issuance of a Tax Deed.

42. Here, Newline Holdings, LLC is entitled to stay relief because: (a) cause exists under Section 362(d)(l).

### A. The Debtor's Bad Faith Filing is Cause for Stay Relief

43. "A lack of good faith in the filing of a bankruptcy petition constitutes 'cause' for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(l)." *In re Foster,* 83 B.R. 917, 919 (Bankr. E.D. Wis. 2002) (citations omitted); *Laguna Assocs. Ltd. P'shp. v. Aetna Cas. & Sur. Co. {In re Laguna Assocs. Ltd. P'ship.),* 30 F.3d 734, 737-738 (6th Cir. 1994) (same); *In re Syed,* 238 B.R. 133, 140 (Bankr. N.D.

Ill. 1999). A court may lift the stay based on a finding of bad faith even if it does not dismiss the debtor's bankruptcy petition. *See In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1029 (11th Cir. 1989). As shown above, virtually every relevant factor supports a finding that the Debtor filed the bankruptcy case in bad faith. Accordingly, this Court should lift the automatic stay for "cause" and permit Newline Holdings, LLC to proceed with issuance of a Tax Deed. *See, In re Maurice,* 167 B.R. 114, 125 (Bankr. N.D. Ill. 1994) ("The Court's finding that this case was filed in bad faith constitutes further 'cause' under section 362(d)(l) for lifting the stay.").

### B. The Debtor's Inability to Provide Adequate Protection is "Cause" for Stay Relief

44. Should the Court not find the Debtor's bad faith alone warrants stay relief, such relief should nevertheless be granted for lack of adequate protection under section 362(d)(1).

45. Bankruptcy Code section 362(d)(l) provides that the Court must grant relief from stay "[f]or cause, including the lack of adequate protection of an interest in property of [the moving] party in interest." 11 U.S.C. § 362(d)(l). Although the Bankruptcy Code does not define "cause," courts have recognized that "cause" under Section 362(d)(l) must be determined on a case-by-case basis. *See International Business Machines v. Fernstrom Storage & Van Co.(In re Fernstrom Storage & Van Co.),* 938 F.2d 731, 735 (7th Cir. 1991).

46. After the movant makes an initial showing of cause, the Debtor bears the burden of proof to demonstrate the absence of cause to grant relief from stay. 11 U.S.C. § 362(g)(2); *In re Kerns,* 111 B.R. 777, 786 (S.D. Ind. 1990) ("the debtor, as the party opposing the motion for relief from the stay, had the ultimate burden of proof to show that cause did not exist for vacating the stay"); *In re Sauk Steel Co., Inc.,* 133 B.R.

431,436 (Bankr. N.D. Ill. 1991).

47. To show a lack of adequate protection, a secured creditor must establish the following elements: (I) a debt owing from the debtor to the creditor; (2) a security interest held by the creditor that secures the debt at issue; and (3) a decline in the value of the collateral securing the debt, along with the debtor's failure to provide adequate protection of the creditor's interest. If the secured creditor meets this burden, then the debtor must establish that the creditor is adequately protected. *In re Bivens.* 317 B.R. 755. 770 (Bankr. N.D. Ill. 2004) (citations omitted).

48. Here, it is undisputed that: (a) Newline Holdings, LLC is entitled to enforce a security interest in the Property in Sold Real Estate Taxes. Moreover, because the Property is cash-flow zero or negative, and the Debtor is not paying real estate truces, insurance or interest, the Debtor cannot provide Newline Holdings, LLC with adequate protection of Newline Holdings, LLC's interest in the Property in the form of interim cash payments; another type of collateral, or the indubitable equivalent of Newline Holdings, LLC's interest in its collateral.

49. In light of the foregoing. Newline Holdings, LLC is entitled to relief from the automatic stay under Section 362(d)(l) for "cause."

## NOTICE

50. Under the Bankruptcy Rules for a Motion to Dismiss, a movant must provide at least twenty-one (21) days notice by mail of a hearing "on the dismissal of the case or the conversion of the case to another chapter." Fed.R.Bankr.P. 2002(a)(4). Newline Holdings, LLC has provided notice of this Motion to the Debtor, the United States Trustee, and all known creditors of the Debtor. Newline pursuant to the

discussion in open court on August 8, 2018 and August 15, 2018 requests that a briefing schedule be set requiring a Response by the Debtor on or before August 30, 2018 and setting the hearing for September 12, 2018.  This will provide the Notice required by Fed.R.Bankr.P. 2002(a)(4).

**WHEREFORE,** Newline Holdings, LLC requests that this Court: (1) dismiss the Debtor's case; or, in the alternative, (2) lift the automatic stay to permit Newline Holdings, LLC to obtain issuance and recording of a Tax Deed, and (3) grant such other further relief as this Court deems just and proper.

Dated:  August 22, 2018

Respectfully Submitted,
Newline Holdings, LLC
BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808