# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**5431-33 S. Wabash LLC,**<br><br>Debtor. | **A CHAPTER 11 PROCEEDING**<br><br>Case No. 18-12463<br><br>Judge: Honorable Janet S. Baer |
| **J. Kevin Benjamin, Theresa Benjamin and Benjamin Brand LLP.**<br><br>Plaintiffs,<br><br>v.<br><br>**William E. Jamison & James L. Hardemon,**<br><br>Defendants. | **ADV. No.** _____ |

## COMPLAINT

Plaintiffs, J. Kevin Benjamin, Theresa Benjamin and the law firm of Benjamin Brand LLP, (collectively the "Plaintiffs") by and through its undersigned attorneys and pursuant to 11 U.S.C. §§ 542, 549 and Fed. R. Bankr. P 7001(1), brings this complaint (the "Complaint") against the Defendants, William E. Jamison and James L. Hardemon (collectively, the "Defendants"), to recover the Debtors post-petition transactions of the Debtors transfer to Defendants of $15,000 and seek turnover of the $15,000 to Plaintiffs, and further states as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28. U.S.C. §§ 157 and 1334(b) because this

adversary proceeding arises in or under, and is related to, Debtor's above-captioned chapter 11 bankruptcy case (*In re 5431-33 S. Wabash, LLC 18-12463*) currently pending before this Court.

2. This Court further has personal jurisdiction over the Defendants pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

**VENUE**

3. Venue is proper in this District pursuant to 28 U.S.C. §1408 and §1409(a), and §1391(b) of Title 28 of the United States Code.

**CORE PROCEEDING**

4. This Complaint is a core proceeding pursuant to 28 U.S.C. §157(a) and §157(b)(1)(b)(2)(A)(B) and (E) and each count is a core proceeding under 28 U.S.C. §157(b)(2).

5. However, in the unlikely event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by this Court.

**PREDICATE FOR RELIEF REQUESTED**

6. The statutory predicate for the relief requested herein is Rule 2016 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and §§105, 502, 542 and 549 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

**RELIEF REQUESTED**

7. The Entry of an order of the court against the Defendants, and each of them, to avoid the post-petition transfer of a $15,000 retainer via gift from Reeves, to the Debtor and then from the Debtor to each of Jamison and Reeves, the defendants, turnover of that property of the estate to Plaintiff's in payment of its allowed administrative claims and the disallowance of any future claim by either Jamison or Hardemon on the chapter 11 estate.

**PARTIES AND RELATED ENTITIES**

8. The Plaintiffs, J. Kevin Benjamin, Theresa Benjamin and the law firm of Benjamin Brand LLP, (the "Former Attorneys") are the former attorneys of 5431-33 S. Wabash, LLC (the debtor and debtor in possession (the "Debtor") in this related chapter 11 case and are residents of Cook County, Illinois and bring this Complaint on behalf of themselves collectively and for their benefit.

9. Defendant William E. Jamison, Jr. ("Jamison") is one of the two current attorneys of the Debtor with his main office located at 53 W. Jackson Blvd., Suite 309, Chicago, Illinois 60604, in Cook County.

10. Defendant James L. Hardemon ("Hardemon") is one of the two current attorneys of the Debtor with his main office located at 8525 S. Stony Island Avenue, Chicago, Illinois 60617-2247, in Cook County.

11. The Debtor, 5431-33 South Wabash LLC, was an Illinois LLC formed by Reeves on July 10, 2007 with the registered agent as Dylan Reeves, and sole manager as Dylan Reeves and where the LLC status of 5431-33 South Wabash, LLC was terminated by REEVES on April 26, 2019.

12. The Former Attorneys had represented the debtor in this chapter 11 through the debtor in possession, Dylan Reeves, who was the 100% owner of the LLC and was the authorized agent of the debtor, 5431-33 S. Wabash, LLC.

**BACKGROUND**

13. On April 27, 2018 (the "Petition Date"), the related chapter 11 was commenced by the Debtor filing with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the Code, as case number 17-12463 (the "Case"), [**Dkt. No. 1**]. The commencement of a voluntary case constitutes an order for relief. [11 USC § 301(b)].

3

14. A related case was filed by 5437 S. Wabash LLC under case no. 17-12476, with a certificate of relatedness also being filed under 17-12476 relating it to case number 17-12463 as the sole owner and member of each LLC is identical as are the issues and reason for filing of each chapter 11.

15. Each of 5431-33 S. Wabash LLC and 5437 S. Wabash LLC is an Illinois Limited Liability Company with each owned and controlled by Dylan Reeves, ("Reeves") the sole member of the Debtor and each LLC and controlling and authorized officer of the Debtor and each LLC.

16. The Debtor's chapter 11 estate was authorized to employ the Former Attorneys, as its bankruptcy counsel, by order of this Court on June 21, 2018, retroactive to April 27, 2018, with compensation to be approved by the Court upon application of the applicant. [Dkt. No 20].

17. On December 12, 2018 this Court confirmed the Debtors disclosure statement and chapter 11 plan. [Dkt. No 131].

18. On March 12, 2019 this Court entered an order allowing BBLLP to withdraw as attorneys for the Debtors [Dkt. No 157].

19. On March 12, 2019 this Court entered an order granting the application of the Debtors to employ Jamison and Hardemon as new attorneys for the Debtors, ("J-H Employ Order") [Dkt. No 156]. A copy of the J-H Employ Order is attached hereto and made a part of this Complaint as **EXHIBIT 1**.

20. On February 10, 2019 Jamison and Hardemon were paid an initial retainer of $15,000.00 by the Debtor, 5431-33 S. Wabash LLC. This came by way of REEVES who had "gifted" the $15,000 to 5431-33 S. Wabash, LLC, per a February 10, 2019 Retainer Agreement

4

("Retainer Agreement") filed with the Court by Jamison and Hardemon on February 27, 2019 [Dkt. No 145-2]. A copy of that Retainer Agreement is attached hereto and made a part of this Complaint as **EXHIBIT 2**.

21. The Retainer Agreement states "*That Dylan Reeves has paid an initial retainer of Fifteen Thousand Dollars ($15,000.00). This retainer will be gifted to 5431-33 S. Wabash, LLC., subject to court approval of Attorneys Retention as counsels for 5431-33 S. Wabash, LLC and 5437 S. Wabash, LLC.*" (See Retainer Agreement Article 3. Paragraph 3.1). Therefore Reeves gifted $15,000 to the Debtor and the Debtor then retained Jamison and Hardemon, by transfer of the $15,000 post-petition property of the estate.

22. The Retainer Agreement set forth that Jamison and Hardemon will be paid through the presentation of applications for compensation presented to and subject to the approval of the bankruptcy court. (See Retainer Agreement Article 3. Paragraph 3.5). No applications have been filed by either Jamison or Hardemon.

23. The Retainer Agreement set forth that the retainer was an advanced payment retainer as described in *In re Production Associates, Ltd.*, and *Dowling v. Chicago Options Associates*." (See Retainer Agreement Article 3. Paragraph 3.2).

24. The J-H Employ Order authorized the employment of Jamison and Hardemon but also specifically stated "The compensation of William E. Jamison and James L. Hardemon shall be subject to further order of the court.

25. To date there has been no order of this Court granting or awarding any compensation to either Jamison or Hardemon, and there has been no order of this Court authorizing the Debtor to transfer the $15,000 post-petition property of the estate to Jamison and Hardemon.

26. Therefore the court specifically did not authorize the transfer of the $15,000 that became post-petition property of the estate, to either/or Jamison and Hardemon who have not returned or accounted for the $15,000, but as an unauthorized transfer is subject to turnover and disallowance.

27. Further neither Jamison nor Hardemon bothered to file a Statement of Compensation pursuant to Fed. R. Bankr. P. 2016 that was to have been filed by March 26, 2019 (14 days after the March 12, 2019 order granting their employment).

28. Therefore the $15,000 is simply an unsecured post-petition unauthorized transfer by the Debtor to Jamison and Hardemon subject to turnover and return.

29. On April 2, 2019 this Court awarded the Former Attorneys final compensation of its requested attorney fees and costs under 11 U.S.C. § 330(a) for a total of $46,136.34 (the "Fee Order") with a net balance of $28,202.34 for attorney fees and costs (the "Net Fee Award") and (1) authorized the Debtors to pay the Former Attorneys the Net Fee Award; and further (2) per the Fee Order directed the Debtors to make payment of the Net Fee Award to the Former Attorneys by order of this Court. Thus the Former Attorneys are authorized (but not limited) to be paid their Net Fee Award from the Fee Order from property of the estate.

30. To date the Net Fee Award has not been paid as directed by the Fee Order.

31. The Fee Order was an agreed Order and consented to by the Debtor through Reeves on behalf of each Debtor and on behalf of Reeves himself. A copy of the Fee Order is attached hereto and made a part of this Complaint as **EXHIBIT 3**.

32. The Fee Order and the Net Fee Award are an administrative claim with priority status per the confirmed plan in this case.

33. The Former Attorney's efforts to recover the unearned and unawarded $15,000 retainer involves 2 provisions, 11 U.S.C. §503(b) 542 and 549, and 503(b).

34. Section 503(b)(2) provides for compensation and reimbursement awarded under section 330(a) of this title. Fees allowed Section 503(b)(2) and 330(a) under are treated as administrative expenses, which are, as a rule, entitled to priority over pre-petition unsecured claims. See 11 U.S.C. §507(a)(2) which allows for administrative expenses allowed under section 503(b) of this title to be a priority second only to allowed unsecured claims for domestic support obligations. See also 11 U.S.C. §1129(a)(9)(A), "Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that— (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

35. It is not in dispute that Former Attorneys Fee Award by this Court is an administrative expense within the meaning of this provision.

36. Further neither of the Defendants have any claim at all against the estate. They are not a secured creditor and they are not a priority creditor and they are not an unsecured creditor. As they have not been awarded fees by this Court under either 11 U.S.C. §330 or 11 U.S.C. §331 they do not have an administrative claim or any claim that is to be paid by the chapter 11 estate.

37. Neither Jamison nor Hardemon have a lien on the $15,000 (the contract does not call for any type of lien) and since the $15,000 is an advanced payment retainer Jamison and

Hardemon are not entitled to keep any unearned fees and to date they have zero in earned fees awarded by this court.

38. In fact neither Jamison nor Hardemon have even bothered to file a compensation statement under 11 U.S.C. §2016 Compensation for Services Rendered and Reimbursement of Expenses, nor have they filed any application before this court under either 11 U.S.C. §330 or 11 U.S.C. §331 seeking approval of attorney fees and costs.

**DISTRIBUTION OF CERTAIN PROPERTY**
(11 U.S.C. §725)

39. The Debtor, after notice and a hearing, shall dispose of any property in which an entity, other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

40. Thus the Debtor needs to recover the $15,000 for the benefit of the Former Attorneys to be disposed to the Former Attorneys by way of turnover to the Former Attorneys.

**DISTRIBUTION OF PROPERTY OF THE ESTATE**
(11 U.S.C. §726)

41. Property of the estate shall be distributed in payment of claims and in the order specified under section 507 of this title. 11 U.S.C. §507.

**CONFIRMED PLAN CALLS FOR PROMPT PAYMENT OF ADMINISTRATIVE FEES**
(See Plan page 4 par. 21 under definitions)

42. The confirmed chapter 11 plan that it is effective on December 26, 2018. "Effective date of the plan is the first business day following the day on which the Confirmation Order becomes a Final Order, without any party in interest having appealed from same." The confirmed plan calls for administrative expenses (attorney fees) to be paid in full on the effective date.

**ADMINISTRTIVE EXPENSES**
Article 2 - Treatment of Claims

> **Administrative Expenses**. Each holder of an administrative expense claim allowed by the Court under § 503 of the Code [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] **will be paid in full on the effective date of this Plan (**Emphasis Added) (as defined in the Plan), in cash, or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Administrative claims which by their terms are not due and payable on or before the Effective Date shall be paid as and when due. These Claims include allowed Administrative Expense Claims entitled to priority pursuant to the provisions of Section 503(b) of the Code. Within this class are all pre-confirmation fees payable to the U.S. trustee pursuant to 28 U.S.C. § 1930(a)(6), (U.S. Trustee Fee's) which will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date, if not paid sooner, and quarterly thereafter until the entry of a final decree ending the case. After confirmation, and until the case is closed, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).

43. Unless there is equity in the collateral, administrative claimants cannot look to a creditor's encumbered property to provide a source of payment for their claims. In Re American Resources Management, 51 B.R. at 719. There were no unencumbered assets in that case and the court stated professional fees should be paid ahead of superpriority claim only when the superior claim is fully protected. In Re American Resources Management, 51 B.R. at 720.

44. "Section 549(a) of the Bankruptcy Code, Title 11, states quite clearly that post-petition transfers of property of the estate are voidable if the transfers occur after the commencement of the bankruptcy case and are not authorized either under Title 11 or by the Court" In re James B. Downing Co., 74 B.R. 906, 908 (Bankr. N.D. Ill. 1987).

45. Here it is clear the Debtor physically transferred the property to the Defendants, and each of them, after the commencement of this bankruptcy case and that this transfer was not authorized by the Bankruptcy Code or by this Court.

# STANDING
(11 .S.C. §1109 Right to be heard)

46. Anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest and would have standing to do so. *See* In *Matter of James Winston* ("We must consider, however, the bearing of section 1109(b) of the Bankruptcy Code, which provides that a "party in interest [in a bankruptcy proceeding], including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter."").

47. We think all the section means is that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains, thus making explicit what is implicit in an in rem proceeding — that everyone with a claim to the res has a right to be heard before the res is disposed of since that disposition will extinguish all such claims. Cf. 5 Collier on Bankruptcy ¶ 1109.02, at pp. 1109-16 to 1109-32 (Lawrence P. King ed., 15th ed. 1991); United States v. Tit's Cocktail Lounge, 873 F.2d 141, 143 (7th Cir. 1989) (per curiam). ").

48. In the matter at hand the Former Attorneys are now a creditor in this chapter 11 case by virtue of their administrative claim granted unto them by this court by the Fee Order. This administrative claim gives them an interest in what happens to the $15,000 in question and thus under section 1109 the Former Attorneys have standing and the right to pursue turnover of the $15,000.

49. Alternatively the Former Attorneys have derivative standing in this case. Reeves, as the authorized agent for the Debtor would undoubtedly refuse to pursue the $15,000 on behalf of the Former Attorneys. Reeves has made absurd allegations to this Court about the Former Attorneys going as far as accusing the Former Attorneys of federal crimes and conspiring with

other creditors to "steal" the property. Thus a request or demand by the Former Attorneys for the Debtor to pursue turnover of the $15,000 would undoubtedly unjustifiably be refused by the Debtor who would not pursue any cause of action set forth in this Complaint.

50. The Former Attorneys have established a colorable claim and cause of action as set forth in this Complaint that the $15,000 should be turned over for the benefit of the Former Attorneys.

51. Under the current circumstances of this case, the withdrawal of the Former Attorneys, the crazy allegations of REEVES, the pending motion to withdraw of Jamison and Hardemon, the adversary proceedings filed by Newline against the Debtor, the accusations by REEVES against Newline and Newlines attorney, the emergency motion filed by Newline and TRO granted against Debtor already for the removal of property of the estate the Former Attorneys believe they are acting in good faith and under deadline to file this Complaint and should be granted, if necessary derivative standing without having to file a formal request as if the Former Attorneys even needed to have derivative standing it is believed under the circumstances this Court would grant it retroactively if requested.

## ADMINISTRATIVE CLAIMS

52. **A.** "**Administrative Claim**" means a Claim under section 507(b) of the Bankruptcy Code, or a Claim under section 503(b) of the Bankruptcy Code that is entitled to priority under section 507(a)(1) of the Bankruptcy Code, for costs or expenses of administration of the Chapter 11 Case including, without limitation, any actual and necessary expenses of operating the businesses of the Debtor or preserving the Estate, and any and all fees and expenses of Professionals to the extent allowed by the Bankruptcy Court under sections 330,

11

331, or 503 of the Bankruptcy Code. *In re 211 Waukegan, LLC*, 479 B.R. 771, 774 (Bankr. N.D. Ill. 2012).

53. **B.** ***Treatment of Administrative Claims.*** Except to the extent the Holder of an Allowed Administrative Claim agrees otherwise, each Holder of an Allowed Administrative Claim shall be paid in respect of such Allowed Claim the full amount thereof, without interest, in Cash, on the tenth (10th) Business Day following the later of (I) the Effective Date, or (ii) the date on which such Administrative Claim becomes Allowed by a Final Order. *In re 211 Waukegan, LLC*, at 774.

**ALLOWANCE OF ADMINISTRATIVE EXPENSES**
(11 U.S.C. §503)

54. The reasonable attorney's fees awarded by the Fee Order to the Former Attorneys incurred in representing the chapter 11 estate are indubitably an administrative expense. 11 U.S.C. §503(b)(2) provides that administrative expenses include "compensation and reimbursement awarded under 11 U.S.C. §330(a) of this title. 11 U.S.C. §330(a).

55. That Congress "says in a statute what it means and means in a statute what it says there," Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992)." Hartford Underwriters Ins. Co. v. Unionplanters Bank, 530 U.S. 1, 6 (2000). Here the statute appears quite plain in specifying who may use 11 U.S.C. §503(b) and plainly specifying the Former Attorneys have an administrative claim under 11 U.S.C. §503(b).

56. Section 503 of the Bankruptcy Code provides for the "allowance" of administrative expenses and derives its importance from section 507. 4 COLLIER, ¶ 503.01. Section 507 provides that certain categories of expenses and claims have priority in the distribution of the assets of the estate. *Ibid.*

# PRIORITIES
(11 U.S.C. §507)

57. Specifically, section 507(a)(2) sets forth second priority for administrative expenses allowed under section 503(b). *In re Blackburn*, Bankruptcy No. 07 B 05905, at *688 (Bankr. N.D. Ill. 2009).

58. The compensation and reimbursement awarded an attorney under § 330 is an administrative expense of the debtor's estate, 11 U.S.C. § 503(b)(2), and is generally accorded first priority by § 507(a)(1) of the Bankruptcy Code." In re EES Lambert Associates, 62 B.R. 328, 337-38 (Bankr. N.D. Ill. 1986).

59. ""As a general rule, expenses of administration must be satisfied from assets of the estate not subject to liens." In Re American Resources Management Corp., 51 B.R. 713, 719 (Bankr.D.Utah 1985). " In re EES Lambert Associates, 62 B.R. 328, 338 (Bankr. N.D. Ill. 1986)

# PROPERTY OF THE ESTATE
(11 U.S.C. §1115(a)(1))

60. In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541, all property of the kind specified in section 541 that the debtor acquires after commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first. 11 U.S.C. §1115(a)(1).

61. Thus the $15,000 gift from Reeves to the chapter 11 Debtors estate that was then paid to Jamison and Hardemon is property of the chapter 11 estate, whose transfer post-petition was not authorized by this court.

# TURNOVER OF PROPERTY OF THE ESTATE
(11 U.S.C. §542)

62. "Section 542 of the Bankruptcy Code, Title 11, deals with post-petition transfers of property of the estate by third parties holding such property." *In re James B. Downing Co.*, 74 B.R. 906, 908 n.2 (Bankr. N.D. Ill. 1987).

**POST-PETITION TRANSFERS**
(11 U.S.C. §549)

63. Because of their obvious effect, courts often refer to § 549(a) transfers as post-petition "preferences." *See, e.g., In re D.J. Management Group, Inc.,* 164 B.R. 831, 836 (Bankr. W.D.N.Y. 1994); *In re James B. Downing Co.,* 74 B.R. 906, 910 n. 5 (Bankr. N.D.Ill. 1987); *In re Skye Marketing Corp.,* 11 B.R. 891, 899 (Bankr. E.D.N.Y. 1981); *In re Blaine Richards Co., Inc.,* 10 B.R. 424, 428 (Bankr. E.D.N.Y 1981).

64. Section 549 provides for the avoidance of a transfer of property of the estate that occurs after the commencement of the case. 11 U.S.C. §549(a)(1).

65. The $15,000 transfer from the Debtor to Jamison and Hardemon was a transfer of property of the estate that occurred post-petition and without authorization from this Court.

**COUNT I**
(Avoidance of Post-Petition Transfer of Property of
The Estate under 11 U.S.C. §549(a)(1)
And Recovery under 11 U.S.C. §550(a))

66. The allegations in paragraphs 1 through 65 of this Complaint are realleged and incorporated herein by this reference.

67. A bankruptcy trustee can avoid a transfer of property of the estate that occurs after the commencement of the case if it was not authorized under the bankruptcy code or by the bankruptcy court. 11 U.S.C. § 549."). *Grede v. FCStone, LLC,* 746 F.3d 244, 254 (7th Cir. 2014).

68. The $15,000 payment by the Debtor to Jamison and Hardemon was made after the commencement of the filing of the chapter 11 and even after the chapter 11 plan was confirmed.

69. As the transfer was post-petition it may be avoided by the trustee who has the power to avoid post-petition transfers of property of the estate under 11 U.S.C. §549(a)(1).

70. As the Former Attorneys have standing and derivate standing the Former Attorney Plaintiffs may avoid the $15,000 transfer from the Debtor to Jamison and Hardemon.

71. Each of Jamison and Hardemon are initial "transferee's and beneficiaries of the receipt of the $15,000 from the transferor Debtor, and the parties to whom benefit the transfer was made.

72. Each of Jamison and Hardemon are initial transferee's, and beneficiaries, of the transfer of the $15,000, and therefore the Plaintiff's may recover for the benefit of the estate the transfer, or the value of the transfer, from each of Jamison and Hardemon, pursuant to 11 U.S.C. §550(a) of the Bankruptcy Code.

73. Plaintiffs are entitled to a judgement against Defendants, and each of them, entitling Plaintiffs to recover the $15,000 or the value thereof from Defendants and each of them, pursuant to 11 U.S.C. §550(a).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: avoiding The post-petition transfer made to or for the benefit of each such defendant of the $15,000 to Jamison and Hardemon under 11 U.S.C. §549(a)(1); and ordering the return and recovery of $15,000, or entering judgment against each defendant pursuant to section 550(a) of the Bankruptcy Code in the amount of $15,000; awarding the Trustee pre- and post-judgment interest, costs and attorneys' fees and expenses; and granting such other equitable relief as may be just and proper.

**COUNT II**
Turnover of Property of the Estate under 11 U.S.C. §542(a)(1))

74. The allegations in paragraphs 1 through 73 of this Complaint are realleged and incorporated herein by this reference.

75. The Defendants are not custodians of the $15,000.

76. The Defendants are entities in possession and control of the $15,000.

77. The Defendants are in possession and control of the $15,000 during the pendency of this chapter 11 that is confirmed, has not been dismissed, converted or closed.

78. The Defendants are in control of the $15,000 that the Debtor can use to pay approved administrative expenses in accordance with the confirmed plan.

79. The Defendants should account for the $15,000 or the value of the $15,000 and turnover the $15,000 to the trustee as required under 11 U.S.C. §542(a)(1) as the $15,000 is of consequential value to the Debtors estate.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: Compelling the defendants, and each of them, to turn over the avoided post-petition transfer made to or for the benefit of each such defendant of the $15,000 to Jamison and Hardemon under 11 U.S.C. §542(a)(1) and ordering the return and recovery of $15,000, or entering judgment against each defendant pursuant to section 542(a)(1) of the Bankruptcy Code in the amount of $15,000; awarding the Trustee pre- and post-judgment interest, costs and attorneys' fees and expenses; and granting such other equitable relief as may be just and proper.

**COUNT III**
**DISALLOWANCE OF CLAIMS**
(Avoidance and Recovery under 11 U.S.C. §502(d))

80. The allegations in paragraphs 1 through 79 of this Complaint are realleged and

incorporated herein by this reference.

81. Jamison and Hardemon are "entities" from which property of the estate is recoverable under 11 U.S.C. §542(a)(1) and thus subject to avoidance under 11 U.S.C. §502(d).

82. It is believed that each of Jamison and Hardemon will make a claim on the Debtors estate and the $15,000.

83. Pursuant to Section 502(d) of the Bankruptcy Code, each claim asserted by a defendant must be disallowed because property of the Debtor's estates is recoverable from such defendant and such defendant has not turned over that property to Plaintiff.

84. The defendants have failed to turn over to Plaintiff property of the Debtor's estate which is recoverable by the Plaintiff, namely the amounts demanded in Counts 1 through 4.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment disallowing each and every claim that may be asserted by any of the defendants against the Debtor, and for such other relief as this Court deems equitable and just.

**COUNT IV**
**UNJUST ENRICHMENT**

85. The allegations in paragraphs 1 through 84 of this Complaint are realleged and incorporated herein by this reference.

86. As a result of the transfer of the $15,000 to the transferee defendants, and each of them and for each of their benefit, and without filing a few disclosure under Fed. Bankr. R. P. 2016, applying for compensation under Section 330 or 331 of the Bankruptcy Code and without authorization from the Court to allow the post-petition transfer of $15,000 that is property of the estate, the defendants, and each of them, have wrongfully received direct and indirect benefits from the $15,000 transfer from the debtor which should have inured for the benefit of Plaintiff's.

17

"ensuring that administrative claimants are compensated may also serve purposes beyond the avoidance of unjust enrichment" *Hartford Underwriters Ins. Co. v. Unionplanters Bank*, 530 U.S. 1, 11 (2000).

87. The defendants, and each of them, have been unjustly enriched, and equity requires that all defendants disgorge and pay the amount by which they have been unjustly enriched.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against all defendants, jointly and severally, in the amount of all the Transfers (plus interest, costs and attorneys' fees), and grant such other equitable relief as may be just and appropriate.

Dated this 1st Day of May 2019                     Respectfully submitted,


J. Kevin Benjamin, Esq.                            Benjamin | Brand | LLP
(ARDC #: 6202321)
Theresa S. Benjamin, Esq.                          By: /s/ J. Kevin Benjamin
(ARDC #: 6230425)                                  J. Kevin Benjamin
Benjamin | Brand | LLP                             on behalf of all Plaintiffs
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100

*In re Kmart Corporation*, Case No. 02 B 02474, Adv. Nos. 04 A 00126, 04 A 00094, 04 A 00087, 04 A 02898, 04 A 00158, 04 A 02775, 04 A 02865, 04 A 02785, 04 A 02874, 04 A 02102, 04 A 02436, 04 A 02005, 04 A 02479, 04 A 00145, 04 A 01970, 04 A 02072, 04 A 02118, 04 A 02395, at *24 n.28 (Bankr. N.D. Ill. Apr. 11, 2006)

*In re Kmart Corporation*, Case No. 02 B 02474, Adv. Nos. 04 A 00126, 04 A 00094, 04 A 00087, 04 A 02898, 04 A 00158, 04 A 02775, 04 A 02865, 04 A 02785, 04 A 02874, 04 A 02102, 04 A 02436, 04 A 02005, 04 A 02479, 04 A 00145, 04 A 01970, 04 A 02072, 04 A 02118, 04 A 02395, at *26 (Bankr. N.D. Ill. Apr. 11, 2006) ("**Recovery under § 105 of the Bankruptcy Code.** Count II of the Critical Vendor Complaints, designated "For Avoidance and Recovery Pursuant to 11 U.S.C. § 105," seeks "avoidance" of the Critical Vendor Payments pursuant to § 105 and judgment for the full amount of the payments plus interest and costs. The count alleges that "[s]ince the [Critical Vendor] Order has been reversed, it would be contrary to the Bankruptcy Code and inequitable for Defendant to be permitted to retain the Payment and thereby be paid in full on its pre-petition claim when all other unsecured creditors were not paid in full." Movants respond by contending, *inter alia,* that there is no private right of action under § 105 of the Bankruptcy Code. ( *See, e.g.,* Chicago Sun-Times Brief, at 16-18). ")

Section 105(a) of the Bankruptcy Code provides as follows:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.