IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 5431-33 S. Wabash LLC, | ) | No.  18-12463 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |

## NEWLINE HOLDINGS LLC'S RESPONSE TO THE DEBTOR'S MOTION FOR A FINAL DECREE AND ORDER OF SUBSTANTIAL CONSUMMATION PURSUANT TO SHORTENED NOTICE UNDER FRBP 2002(a) and 9006(c) (DOCKET 193)

NOW COMES, Newline Holdings LLC ("Newline"), by its attorney, Paul M. Bach of Bach Law Offices, Inc. and Responds to the Motion of the Debtor's Motion for a Final Decree and Order of Substantial Consummation pursuant to Shortened Notice under FRBP 2002(a) and 9006(c) ("the Motion") and states as follows:

1. Currently pending before this Court is the Debtor's Motion for a Final Decree.  At the outset, Newline points out there are two Bankruptcy cases pending however the Motion for a Final Decree is filed in only one[1].

2. Notice of this Motion (without considering the issues of no Motion for a Final Decree in Bankruptcy Case 18-12476) is insufficient.  According to the Proof of Service, notice was sent by mail on May 3, 2019 noticed for May 8, 2019.  This is three business days notice.  Even if the Court elected to shorten notice the Court cannot shorten notice to less than seven days as notice by U.S. First Class Mail requires seven days notice according to Local Bankruptcy Rule 9013-D.  Newline is not disputing

---

[1] Newline has pointed this out to the Debtor's current counsel previously but once again the Debtor has filed a Motion on one case and not the other.  Newline does not believe that a Joint Administration Order exists and a review of the court docket in both cases reveals that no such order exists.

that Newline and other parties with appearances on the ECF system can be served with three business days notice. However, the mail notice is completely insufficient and needs to be re-noticed.

3. Newline in unsure what Bankruptcy Rules 2002(a) and 9006(c) have to do with the Motion. Although Rule 2002(a) requires twenty-one days notice, there is no mention in Rule 2002(a) of a Motion for Final Decree. As such, the time requirements in Rule 9006(c) that cannot be shortened is completely irrelevant.

4. The Debtor, in its Motion, does not mention that Motions for a Final Decree are governed by 11 USC 350(a) and Rule 3022. 11 USC 350(a) states as follows, "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Rule 3022 states as follows, "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The task therefore is to determine what is meant in both sources by "fully administered."

5. The first paragraph of the Notes of the Advisory Committee on Rules – 1991 Amendment (which is the last) state as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

6. Factors (3) and (5) are still outstanding and given the nature of the Debtor's actions to date Newline requests the court deny Debtor's motion to ensure proper action by the Debtor.

7. A review of the modified plans identifies that Section 2.7(m) states, "In the event that the Bankruptcy is dismissed prior to the Closing Date, or Debtor does not close on any refinance or the Sale

of the Real Estate by the Closing Date, then the automatic stay and any other injunction imposed by this Modified Chapter 11 Plan shall be lifted or other modified to allow Newline to proceed pursuant to non-bankruptcy law to obtain a Deed.  In this event, Newline will pay to the Debtor $25,000.00 upon recordation of the Deed and possession of the real estate as consideration (which the Debtor agrees is sufficient) for any fraudulent transaction or other proceeding which may be brought by the Debtor or anyone associated with the Debtor or any Trustee under the Bankruptcy Code, to the extent the Debtor has authority to prevent any Trustee or third party from doing so)." As the Debtor failed to close on either a refinance or sale of the Real Estate prior to the closing date the court is responsible for monitoring the transfer of property and payments due[2].

8.  Additionally, the sixth element has plainly not been met.  At the current time there are the following motions, contested matter and adversary proceedings which are pending or will be pending prior to presentment of the Motion:

   a. Adversary Proceeding 19 A 607 which has a status date of May 15, 2019;

   b. Adversary Proceeding 19 A 608 (although this relates to 18 B 12476 and not 18 B 12463 which has a status date of May 15, 2019;

   c. Adversary Proceeding 19 A 647 which has a status date of June 6, 2019;

   d. Newline's Motion to Compel (Temporary Restraining Order Motion) (Docket 180) which is continued until May 8, 2019;

   e. The motion of Application for Compensation for William E. Jamison Jr. and James L Hardemon which is set for the initial hearing on May 8, 2019 which like the Motion at bar requests shortened notice when service by mail was not given seven days notice and will likely need to be re noticed and will likely be objected to by other parties;

---

[2] As stated in Newline's Brief in Support of Further Relief Requested in Both Bankruptcy Cases, it intends to file a Motion for Contempt and request for Judgment for Damages (compensatory, attorney fees and punitive) and surcharge of the $25,000 payments due under Section 2.7(m) of the Confirmed Plan.

    f. Newline intends to file a Motion in Both Bankruptcy Cases to Enforce the Confirmation Hearing and find the Debtors and Dylan Reeves in contempt for their violations of the Confirmed Plan and request that the Court enter a Judgment for damages (compensatory, attorney fees and punitive) and surcharge (set off) the $25,000.00 payments due under Section 2.7(m) of the Confirmed Plan.

9. With at least these six pending contested matters the Court cannot find that "all motions, contested matters, and adversary proceedings have been finally resolved."

10. In the Seventh Circuit, the Bankruptcy Courts that have considered this issue have all cited to the elements listed in the Advisory Committee Notes. See *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30 (Bankr. C.D. Ill., 1992) and *In re 1016 W. Hollywood, LLC.* (Bankr. N.D. Ill., 2017).

**WHEREFORE,** Newline Holdings, LLC requests that this Court: (1) deny the Motion of the Debtor for a Final Decree and Order of Substantial Consummation pursuant to Shortened Notice under FRBP 2002(a) and 9006(c), and (2) grant such other further relief as this Court deems just and proper.

                    Respectfully Submitted,

                    Newline Holdings, LLC
                    BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808